No. 5015.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF MRS. CHAS. PETIT vs. JOHN T. HUBER.

Frank McGloin for plaintiff and appellant.

Pierson, Walton & Pierson for defendant and appellee.

ST. PAUL, J.—This is an action brought by an administratrix on an instrument which had been mislaid, lost, stolen or destroyed before her appointment and about which apparently she herself knows nothing, not having offered to testify at the trial.

To her petition she annexed interrogatories to be propounded to defendant. These he answered admitting the execution of the instrument, but declaring that it had been "paid and settled and the instrument destroyed by the deceased, prior to her death."

At the same time as he filed his sworn answers to the interrogatories he also filed his answer to the suit, which was the general issue.

The first question, therefore, which arises is whether, under the pleadings, defendant may be permitted to prove that the note was paid and settled.

Under the general issue alone defendant would not be permitted to do so. But the propounding of interrogatories to a defendant is in effect a demand that the defense to the suit be made in whole or in part under oath, and the law expressly allows the defendant to set up defenses in that form.

Code of Practice, Art. 353.

We are, therefore, of opinion that defendant was en-

titled to show that his obligation had been extinguished; and he was not limited to proof of payment alone, but might show payment in part and compensation of the balance of the debt.

As to the proof of such payment and settlement, we think that defendant has made all the proof required or possible under the circumstances of the case.

The District Judge, who saw and heard the witnesses, declared in his written reasons for judgment that he believed the defendant and his witnesses, and found that defendant had paid the deceased in cash and in merchandise all that he owed her, and that the deceased herself had acknowledged this to be true and had herself destroyed the evidence of defendant's debt some little time before her death.

In these conclusions of the District Judge we fully concur.

Judgment affirmed.